Nov. Term,
1840.

Bohon
v.
The State.

5b  465
135  442

Bohon and Others *v.* The State, on the Relation of Vance and Another.

In a suit by the state, on the relation of *Samuel D. Vance* and *David Clarke,* trading under the name of *Vance* and *Clarke,* on a constable's bond, the declaration alleged that the relators, by the name of *Vance* and *Clarke,* recovered judgment, &c.; that an execution issued on the judgment in said name, &c., which execution the constable failed to return, &c.  Plea, *nul tiel record.  Held,* that said judgment and execution were admissible evidence for the plaintiff.

The declaration in this suit also alleged, that the constable had returned the execution indorsed "returned by *Samuel D. Vance's* order," and that the return was false.  *Held,* that under a plea that the return was not false, &c., the said return, which was admissible evidence for the defendants, with proof that it was made by the direction, &c., would excuse the constable for not executing the writ.

ERROR to the *Montgomery* Circuit Court.  This suit was brought by the state of *Indiana,* on the relation of *Samuel D. Vance* and *David Clarke,* trading under the name and style of *Vance* and *Clarke,* against the plaintiffs in error.

*Monday, January 4,* 1841.

SULLIVAN, J.—Debt on a constable's bond.  In the declaration two breaches were assigned; 1. That *Samuel D. Vance* and *David Clarke,* by the name of "*Vance* and *Clarke,*" on, &c., obtained a judgment before *Y. B. Pullum,* a justice of the peace of *Montgomery* county, against *A. Stewart* for the sum of 29 dollars and 87 cents; that afterwards an execution was issued on said judgment, in the name of "*Vance* and *Clarke,*" against the goods and chattels of *Stewart* directed to said *Bohon* as constable, &c.; that it was duly delivered to him, and that he failed to return it; 2. The second breach recited a judgment and execution as in the first, and alleged that *Bohon* returned the execution indorsed "returned by *Samuel D. Vance's* order," which the plaintiff averred was a false return.  The defendants pleaded, 1st, *nul tiel record;* 2dly, to the first breach, that *Bohon* did return said execution; 3dly, to the second breach, that the return made by said *Bohon* was not false, but that it was made by order of said *Vance.*  Issues on the pleas.  Verdict and judgment for the plaintiff.

The plaintiffs in error contend, that the Circuit Court erred in permitting the judgment and execution in the name of

Nov. Term,
1840.

"*Vance* and *Clarke*" to be read to the jury in proof of the existence of the record denied by the first plea. In this the Court committed no error according to the case of *Jones et al.* v. *Martin*, decided at the last term of this Court.

The defendants then offered to read the constable's return to the writ, but the plaintiff objected and the Court sustained the objection. This was erroneous. The return indorsed on the writ was not of itself sufficient to answer the purpose intended by the defendants, but connected with proof that it was made by direction of the person having the control of it, it would have been sufficient to excuse the officer for not obeying the command of the writ. It was a link in the chain of the defendants' proof, and the Court should have permitted them to introduce it (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, at the costs of the relators. Cause remanded, &c.

*H. S. Lane* and *S. C. Willson*, for the plaintiffs.

*R. C. Gregory*, for the defendant.

(1) Vide *Andrew et al.* v. *Parker, May* term, 1843.